UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DUFFY ARCHIVE LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> EBENEZER FIRE APPAREL, LLC d/b/a CHASE ME TEES <br><br> <u>Serve at</u>: <br> Eric Warren, Registered Agent <br> 1948 A South Glenstone <br> Springfield, MO 65804 <br><br> and <br><br> ERIC WARREN <br><br> <u>Serve at:</u> <br> 1948 A South Glenstone <br> Springfield, MO 65804 <br><br> Defendants. | Case No. <br><br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Duffy Archive Limited ("Plaintiff"), by and through its undersigned counsel, and hereby states for their Complaint against defendants Ebenezer Fire Apparel, LLC d/b/a Chase Me Tees ("Ebenezer") and Eric Warren ("Warren" and collectively referred to herein with Ebenezer as "Defendants") as follows:

### **SUMMARY OF THE ACTION AND PARTIES**

1. Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted work of authorship.

2. Plaintiff is a foreign corporation with its principal place of business outside the state of Missouri that works to preserve the art of legendary fashion and celebrity photographer Brian Duffy.

3. Plaintiff's Work (as defined herein) at issue is part of Brian Duffy's portfolio of David Bowie album cover photographs taken during the 1970s and 1980s.

4. In particular, the Work depicts David Bowie for his Aladdin Sane album cover photoshoot in 1973.

5. To create the Work, Brian Duffy used professional-grade photography and editing equipment to create some of the most cutting-edge, iconic photographs of the 1970s.

6. To create the Work, Brian Duffy invested many hours of his professional time.

7. Plaintiff, an entity operated by the family of Mr. Duffy, who is now deceased, worked over a number of years to preserve, organize, scan, and copyright Brian Duffy's professional portfolio.

8. Plaintiff is well-paid for the Work. License fees for the most iconic photos, such as the one Defendants used without permission, can be many thousands of dollars.

9. Defendant Ebenezer is a Missouri corporation with its principal place of business inside of Missouri.

10. Upon information and belief, Defendant Warren is a Missouri resident.

11. At all times relevant, Defendant Ebenezer owned, controlled, and/or operated Ebenezer, which is located at 1948 A South Glenstone in Springfield, MO.

12. Upon information and belief, Defendants copied Plaintiff's copyrighted Work from the internet in order to nationally advertise, market and promote its business activities across Missouri, including Springfield, Missouri.

13. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting its business to the public in the course and scope of Defendants' business.

## JURISDICTION AND VENUE

14. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

15. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

16. Defendants are subject to personal jurisdiction in Missouri because Ebenezer can be found at its location in Springfield, Missouri within this District; Warren also resides or can be found within this district. Defendants are subject to personal jurisdiction in Missouri because Defendants took and used Plaintiff's Work to reach out to customers specifically in Missouri in order to promote Defendants' business in Missouri.

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in Springfield, Missouri in this District. Upon information and belief, Defendants engaged in infringement in this District, and Defendants are subject to personal jurisdiction in this District and reside or can be found in this District.

## THE COPYRIGHTED WORK AT ISSUE

18. In or about 1973, Brian Duffy created a photograph entitled "Z_1258_01/David Bowie - Aladdin Sane", which is shown below and referred to throughout as the "Work."



19. Brain Duffy transferred ownership of the copyright to Plaintiff via written agreement.

20. Plaintiff thereafter sought the help of a professional copyright agent, ImageRights International ("ImageRights"), to help him timely and correctly register the Work.

21. ImageRights helped Plaintiff to register the Work with the Register of Copyrights on June 12, 2009 and Plaintiff's Work was assigned the registration number "VA 1-428-937."

The Certificate of Registration for the Work is attached hereto as **Exhibit 1** and incorporated herein by reference.

22. At all relevant times, Plaintiff was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

23. Defendants have never been licensed to use the Work at issue in this action for any purpose.

24. On a date after the Work at issue in this action were created, but prior to the filing of this action, Defendants copied the Work.

25. Defendants copied Plaintiff's copyrighted Work without Plaintiff's permission.

26. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their business.

27. Specifically, Defendants placed the Work on www.chasemetees.com (the "Website"), a website that Defendants owned, controlled, and operated.

28. Upon information and belief, Defendants used and displayed the Work on various products Defendants sold- literally profiting from using the Work without permission.

29. Defendants' display of the Work without license was repeated and continuous and egregious.

30. Defendants displayed the Work on their website and stored it on their website for future use. *See* **Exhibit 2 and Exhibit 3** from Defendants' Website.

31. Defendants displayed the Work to market their business.

32. ImageRights noticed that Defendants appeared to be using the Work on Defendants' Website and made Plaintiff aware of Defendants potentially unauthorized use of the Work.

33. Defendants' display of the Work is captured on their website in the following screenshot:



34. Plaintiff carefully reviewed Defendants' Website and determined that this was its Work and that Defendants did not have any license or permission to use the Work.

35. Defendants copied and distributed Plaintiff's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling Defendants' goods and services.

36. Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, or trade secrets.

37. Defendants committed copyright infringement of the Work as evidenced by the screenshot exhibits attached hereto.

38. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

39. Plaintiff first notified Defendants in writing of the allegations set forth herein on June 28, 2024. Plaintiff sent additional notices on July 8, July 15, July 23, July 30, August 6, August 13, and August 20.

40. Plaintiff has attempted to settle this matter amicably and for a minimum of expense with Defendants while seeking to avoid incurring any attorneys' fees or litigation expenses.

41. Defendants have refused to make any attempt to settle this matter with Plaintiff.

42. Plaintiff has now engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT

43. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

44. Plaintiff owns a valid copyright in the Work at issue in this case.

45. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

46. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

47. Defendants performed the acts alleged in the course and scope of its business activities.

48. Plaintiff has been damaged.

49. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff Duffy Archive Limited prays for judgment against Defendants such that:

a. Defendants and their agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr. #52046
7321 S. Lindbergh Blvd., Ste. 400
Saint Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*